FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR -9  AM 11:37

[signature]
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FREIDA W. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-106 |
| | ) | |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.

### I.     BACKGROUND

Plaintiff applied for SSI payments and disability benefits on February 16, 2002, alleging disability since December 1998. Tr. 43. She alleged disability due to degenerative disc disease of the cervical spine, diabetes, and retinopathy. Tr. 16. The Social Security

Administration denied plaintiff's applications and her request for reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on her own behalf,[1] the ALJ issued an unfavorable decision dated November 18, 2003. Tr. 13-22.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Sections 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations Sections 404.1520(b) and 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant retains the functional capacity for light work with no repetitive flexion or rotation of the neck, no crawling, climbing, or balancing, and no work requiring a high degree of depth perception. Due to Meinere's disease, the claimant should avoid hazards.

5. The claimant is unable to perform any of her past relevant work. The claimant is of "advanced age." The claimant has a "high school education." The claimant has transferrable skills to office jobs, including the ability to pay close attention to detail to her work, to work accurately, and to work independently. The Administrative Law Judge concludes that the claimant retains the capacity for work that exists in significant numbers in the national economy. The claimant could work as a general office clerk and could perform work as a file clerk.

Tr. 21-22.

---

[1] Plaintiff's husband and a vocational expert also testified.

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Tr. 6-9. Plaintiff filed this civil action requesting a reversal of that adverse decision. Plaintiff argues that the ALJ failed to address the testimony of plaintiff's husband regarding plaintiff's subjective symptoms and daily living activities in his decision.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"

Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

Plaintiff asserts in her complaint that the ALJ failed to address the hearing testimony of her husband regarding her subjective symptoms and daily living activities.[2] At the

---

[2] While plaintiff actually states four grounds for relief, each is based on the ALJ's alleged failure to consider her husband's testimony. She argues separately that the ALJ erred in failing to consider the testimony, that the ALJ failed to evaluate properly plaintiff's credibility because the ALJ did not mention plaintiff's husband's testimony supporting plaintiff's credibility, that the ALJ erred in evaluating plaintiff's residual functional capacity because the ALJ did not consider the testimony of plaintiff's husband, and that substantial evidence does not support the ALJ's decision because of the failure to consider the testimony

hearing, plaintiff's husband testified that he does the housekeeping, most of the laundry, vacuuming, dishwashing, grocery shopping, and cooking at the residence he shares with plaintiff. Tr. 377-78. He also testified that plaintiff takes her medication regularly and sometimes has trouble sleeping. Tr. 379-80.

Social Security Ruling ("SSR") 96-7p provides that "[i]n determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including . . . statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." Accord 20 C.F.R. § 404.1529. Thus, the testimony of plaintiff's husband supporting plaintiff's subjective complaints is relevant and should be considered by an ALJ in evaluating plaintiff's impairments.

Courts, however, have not held that the failure to address explicitly a lay person's testimony warrants reversal where the ALJ addresses the line of evidence to which the lay person's testimony is directed. "[T]he ALJ need not evaluate in writing every piece of testimony and evidence submitted." Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993). "If the ALJ were to ignore an entire line of evidence, that would fall below the minimal level of articulation required." Id. Conversely, where the ALJ addresses the evidence presented in the lay person testimony and where substantial evidence otherwise supports the ALJ's finding on a claimant's credibility, the ALJ's failure to address explicitly the lay person's testimony in his decision is harmless. Id.; Combs v. Barnhart, 2005 WL 1995457 (E.D. Pa.

---

of plaintiff's husband.

Aug. 16, 2005) (unpublished opinion); Ware v. Apfel, 2000 WL 1707942 (S.D. Ind. Nov. 14, 2000) (unpublished opinion).

The ALJ in this case did neglect to address the testimony of plaintiff's husband in his decision. The ALJ, however, listed plaintiff's subjective symptoms:

> The claimant testified that she . . . suffers from constant pain. Surgery on the neck and right knee was noted. *The claimant stated her husband does the housework, as well as the cooking. Medications cause drowsiness.* Standing causes pain. The claimant reported that her neck collar keeps her from having spasms in her neck. She also stated she is unable to move her neck up and down. Headaches, diabetes, Meinere's disease, reflux, numbness in the hands, dizzy spells, problems dressing, and double vision are all noted. Daily activities are described as minimal.

Tr. 19 (emphasis added).

The ALJ accepted plaintiff's pain testimony in part, but nevertheless found that

> although the evidence shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the pain and other symptoms alleged, the evidence does not support the claimant's allegations of the intensity and persistence of such pain and other symptoms. Specifically, the claimant appears to be doing well with medication and the claimant describes herself as doing well in treatment notes. Additionally, no physician has ever indicated the claimant is incapable of all work.

Id.

The substance of the testimony of plaintiff's husband–that he does the housework, she takes medication regularly for her pain, and she sometimes has insomnia–is contemplated in the ALJ's consideration of plaintiff's subjective symptoms. The ALJ nevertheless concluded that plaintiff's subjective complaints are not entirely credible, and that medication has been effective in treating her pain. Because the ALJ adequately addressed the substance of plaintiff's testimony in his evaluation of plaintiff's subjective complaints, the Court finds the ALJ's failure to mention the testimony of plaintiff's husband to be harmless.

The Court likewise finds that substantial evidence supported the ALJ's findings, even if the substance of the testimony of plaintiff's husband were accepted as true. The ALJ did not discredit the testimony of plaintiff's husband, either implicitly or explicitly, and the ALJ's ultimate findings are not inconsistent with the testimony of plaintiff's husband that he did most of the housework and that she took medication frequently for her pain. The ALJ's findings, instead, discredited plaintiff's testimony regarding the actual severity of her pain, and the testimony of plaintiff's husband did not contradict the notion that plaintiff is capable of performing light work as an office clerk.

The ALJ found that the apparent effectiveness of plaintiff's medications and the absence of any recommendation of disability from a physician contradicted plaintiff's testimony regarding the severity of her pain. The Court finds that substantial evidence supports the ALJ's conclusions even if the testimony of plaintiff's husband is credited. Accordingly, the findings of the ALJ regarding plaintiff's residual functional capacity and disability should not be disturbed.

## IV.     CONCLUSION

For the reasons set forth above, the Court recommends that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this ____ day of March, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE